CITY OF LANSING *v*. DETROIT, LANSING & NORTHERN RAILROAD CO.

1. MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALK — ACTION AGAINST CITY—NOTICE TO ADJOINING OWNER.

Where, on suit brought against a city for injuries resulting from a defective sidewalk, the adjoining property owner is notified, but refuses to defend, and his attorney assists in the trial under a stipulation with the city attorney that the appearance shall not bind such owner, the stipulation does not relieve the owner from the effect of the notice, but merely reserves the right to defend if the city should sue him.

2. SAME—CONCLUSIVENESS OF JUDGMENT.

Judgment was recovered against the plaintiff city for injuries received through falling on a sidewalk opposite premises owned and possessed by defendants. The declaration alleged that the city "did wrongfully and negligently suffer and permit one of the planks of such sidewalk to be removed and displaced therefrom, leaving a hole," etc. Defendants were duly notified of the action, and asked to defend, but refused to do so. The city paid the judgment, and sued defendants to recover the amount paid. *Held*, that the question of defendants' liability was not at issue in the action against the city, and hence the judgment was not conclusive of that question.

Error to Ingham; Wiest, J. Submitted January 7, 1902. Decided February 11, 1902.

Case by the city of Lansing against the Detroit, Lansing & Northern Railroad Company and the Michigan Central Railroad Company to recover the amount of a judgment paid by plaintiff for injuries caused by a defective sidewalk. From a judgment for defendants on verdict directed by the court, plaintiff brings error. ' Affirmed.

One Leola Sprague, in November, 1898, recovered a verdict and judgment against the city of Lansing for injuries received through a fall upon a sidewalk opposite premises charged to be owned by and in the possession of the defendant railroad companies. The allegation of negligence in the declaration is that the city "did wrongfully and negligently suffer and permit one of the planks of such sidewalk * * * to be removed and displaced therefrom, leaving a hole in such walk about six feet long, eight inches in width, and six inches in depth." The city paid the judgment, and sued the defendants to recover the amount of the judgment so paid.

Plaintiff introduced the record in the suit of Sprague against the city of Lansing; certain deeds, claimed to show title in the defendants; the admission by the defendants that the judgment was paid by the city; testimony that the defendants paid taxes upon the land, and controlled it; that the land was abutting upon the sidewalk where Mrs. Sprague was injured, and that the city attorney wrote to each of the agents of the companies at Lansing, and apprised them of the fact that the suit had been brought; that he received no reply by letter; that Mr. Montgomery, the attorney for the railroad companies in this case, came to him, and stated that he wished it distinctly understood that the companies were not to be bound by his action in any way, yet, if the city attorney wished him to sit in the case, he would be glad to do so. On cross-examination he testified that it was agreed that Mr. Montgomery's appearance in the suit against the city should not bind the railroad companies. Upon this record the court directed a verdict for the defendants.

*John J. Zimmer* ( *C. P. Black*, of counsel ), for appellant.

*R. A. Montgomery*, for appellees.

GRANT, J. ( *after stating the facts* ). 1. The evidence was sufficient to charge the defendants with notice of the existence of the suit against the city. *Robbins* v. *City of Chicago*, 4 Wall. 657. The stipulation between the attorneys that the appearance of the attorney for the defendants should not bind them was not intended to relieve from the effect of the notice of the existence of the suit and the opportunity to appear. The stipulation meant no more than that it should not prevent the railroad companies from raising any defense they had to the suit by the city against them upon any judgment that might be rendered against the city.

2. Is the judgment conclusive against defendants ? The question of the liability of the lot owners was not necessarily involved in that suit. The city might have been liable and the defendants without fault. If the city removed the plank, the lot owner would not be liable. How, by whom, and under what circumstances, was the plank removed from the sidewalk ? Was it the negligence of the city alone ? Did the negligence consist in removing the plank, or in failing to put it in place after notice to its proper officer or knowledge on his part of its removal ? The city might have had actual notice immediately, and might have remedied the defect in five minutes. If so, the city would have been liable for the injury occurring within an hour afterwards. But the agents of the defendants, engaged in their usual labor, as they had a right to be, could not be chargeable with notice, and therefore their principals could not be held liable. Many people leave their homes, to be absent for weeks and months on pleasure, business, or health, leaving the sidewalks in front of their premises in good condition. Should they be suddenly torn up,—as was done in *Wilkins* v. *City of Flint*, 128 Mich. 262 (87 N. W. 195),—when do the lot owners become

liable? The city may become liable within a few hours, upon proof that the city officers saw or should have seen the defect, and might have remedied it within that time. To hold a judgment obtained under such circumstances conclusive against a lot owner who owns a small home, without an opportunity to show that he exercised due care, would shock one's moral sense. A different feeling may prevail among some when a corporation is the party defendant, but in the courts the rule of law must be the same as to both. In a suit against the city it is not a question which is liable primarily, the city or the lot owner. The only issue is between the plaintiff and the city. Should the city attempt to show in a suit against it that the lot owner is liable for a defect in the highway, or for the failure to repair it, the objection to such testimony would be that no such issue is raised by the pleadings between the injured party and the city. The sole question is, Is the city liable? Whether the lot owner is liable can only arise in a suit when the city attempts to enforce the judgment against him. Such judgment against the city is not conclusive upon him.

Plaintiff's counsel, among other authorities, cite 2 Dill. Mun. Corp. § 1035, in support of their contention that the judgment is conclusive. It is there stated that such judgments are held conclusive as to three facts: (1) The existence of the defect; (2) the injury sustained; (3) the amount of damages. The author further says such judgments are not conclusive as to the lot owner's liability to repair the defect, his neglect to do so, or as to his negligence being the sole cause of the injury. The cases cited in the plaintiff's brief upon this point are cases where there was some active wrong on the part of the lot owner, for which he would be liable at the common law. Such is the case of *Town of Centerville* v. *Woods*, 57 Ind. 192, where the defect was caused by the lot owner's digging a ditch, and neglecting to fill it up. In *City of Lowell* v. *Short*, 4 Cush. 275, the defect was a pile of dirt left in the highway by the lot owner without barriers or lights. In *City of Chicago* v. *Robbins*, 2 Black, 418,

Robbins made an excavation, and left it uncovered, in consequence of which one Woodbury fell into it and was injured. He recovered judgment against the city, whereupon the city sued Robbins. In that case the court said: "Robbins is not, however, estopped from showing that he was under no obligation to keep the street in a safe condition, and that it was not through his fault that the accident happened." A new trial was ordered, and the same case was again brought before the court in *Robbins* v. *City of Chicago, supra,* and the holding was the same. Neither decision held the judgment conclusive as to Robbins' liability. In addition to the above authorities, holding that the judgment is not conclusive upon the lot owner's liability, see *City of Boston* v. *Worthington*, 10 Gray, 496 (71 Am. Dec. 678); *Knox* v. *City of Sterling,* 73 Ill. 214; *Inhabitants of Veazie* v. *Railroad Co.,* 49 Me. 119.

This disposal of the case renders it unnecessary to pass upon the other questions raised.

The judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.