TOWNSHIP OF HART *v.* NORET.

1. MUNICIPAL CORPORATIONS—CONTRIBUTION—NEGLIGENCE—BRIDGES —DEFECTIVE RAILING—JOINT TORT-FEASOR—MUTUAL LIABILITY.

Where a township was compelled to pay damages to a pedestrian who was precipitated into a mill race from a bridge which defendant had rendered unsafe by removing a safe railing and substituting one which was weak or defective, it was entitled to contribution from the wrongdoer whose wrongful act created the dangerous condition.

2. SAME.

> If the wrongful act of one person results in a liability being imposed on another, the latter may have indemnity from the person who was actually guilty of the wrong, but between actual tort-feasors the law will not enforce contribution or indemnity.

Error to Oceana; Sullivan, J. Submitted January 6, 1916. (Docket No. 49.) Decided June 1, 1916.

Case by the township of Hart against Edwin A. Noret to enforce contribution for the wrongful act of defendant resulting in plaintiff paying a judgment for personal injuries. From an order sustaining the demurrer of the defendant, plaintiff brings error. Reversed.

*Dunham & Dunham* and *Hall & Greene,* for appellant.

*F. E. Wetmore,* for appellee.

This action grows out of a suit begun by William R. McRae as plaintiff against the township of Hart, the plaintiff in this action, and others, the owners of a mill. In that suit the plaintiff recovered a judgment against the defendants for personal injuries sustained by him when the railing of a certain highway bridge over a millrace gave way. See *McRae* v. *Township of Hart,* 179 Mich. 325 (146 N. W. 121). After the McRae action had been begun, and before it was tried, the township entered upon its records and caused to be served upon the defendant in the case at bar a notice, which, after reciting the title of the *McRae Case,* continued as follows:

"Please take notice that the above-entitled cause is now pending in the circuit court for the said county of Oceana and will be reached for trial in due time.

"This action is brought by said plaintiff to recover damages for alleged personal injuries sustained by the

plaintiff on or about July 13, 1912, while crossing a bridge over the millrace of the Gurney Milling Company, where said millrace crosses State street in the village of Hart, and is alleged to have been caused by the breaking or giving away of the railing on the west side of said bridge and precipitating the plaintiff to the water and stones in the bottom of said millrace, a distance, as alleged in his declaration, of about 20 feet, thereby causing permanent injury to the plaintiff, for which he claims damages in the sum of $25,-000. Plaintiff claims that railing was a railing placed on said bridge by you, said Edwin A. Noret, and that the same was weak, flimsy, springy, and slimpsy, and not a substantial railing as required by law, and that the same was only a trap, and that such weak, flimsy, springy and slimpsy condition of said railing caused the same to be insufficient to hold the plaintiff when he leaned slightly against it, and that same gave way and caused the plaintiff to be precipitated into the race, and was the cause of his alleged injuries as claimed in said declaration.

"You will further take notice that the defendant, the township of Hart, claims that, under the law you are liable to the said defendant for any damages which the said township of Hart may sustain by reason of the successful prosecution of the said suit by the said plaintiff and the said defendant, the township of Hart, will hold you, the said Edwin A. Noret, liable for any judgments which may be rendered against the said defendant, the township of Hart, by reason of the cause of action upon which said suit is brought and for the costs and expenses of the trial of said cause.

"And you are hereby notified to appear and defend said suit, and hold the said defendant, the township of Hart, harmless in the premises.

"Dated this 24th day of February, 1913.

"THE TOWNSHIP OF HART,

"By J. N. COTTON,

"Supervisor of the Township of Hart.

"By MCFARLAND,

"Township Clerk."

The said Noret did not appear and defend the said suit. The township paid to McRae the judgment re-

covered by him, and brings this action to recover from Noret indemnity. It is alleged in the declaration that defendant wrongfully and without authority removed and took away the substantial railings upon the bridge, that the bridge thereafter was without railings for a period of some 14 days, when defendant placed upon the bridge railings, unsubstantial and insufficient in respect to the material used and the method of erection, which remained for a period of some three months, and until a day certain when said McRae—

"while lawfully passing over said bridge, and without any fault on his part, and while acting in a careful and prudent manner, came in contact with said defective, inefficient, and unsubstantial railing, so erected as aforesaid by said defendant, and solely by reason of the unlawful and wrongful act of said defendant in having taken down the good railings, as aforesaid, and having wrongfully and unlawfully, carelessly and negligently, erected said defective, inefficient, and unsubstantial railings, said McRae was thrown and precipitated from the west side of said bridge down to the bottom of the millrace aforesaid, and thereby sustained serious and permanent injuries."

By proper and unchallenged allegations the declaration sets out the recovery of judgment by McRae, its amount, and the amount of costs allowed him, the payment of the judgment by the township, the payment by the township of other fees and expenses of the litigation and of attorney's fees. The declaration contains two counts, and there is some variation of allegation, but for the purposes of decision the foregoing statement is sufficient. The defendant demurred to the declaration, the grounds of demurrer being, in substance and effect, that the declaration does not state a duty owed by defendant in the premises to McRae or any one else, and does show a joint tort of the township and its codefendants, the sole and proximate cause of the injury to McRae; that this is a suit by one tort-

feasor against another, claimed to be a joint tort-feasor, for contribution. The demurrer was sustained, and it seems upon the ground that it is a suit by one joint tort-feasor to compel contribution from another joint tort-feasor. In the opinion of the trial court it is said, among other things:

"That the township did not give Mr. Noret any permission, either to take down the old barriers or to put up the unsubstantial ones in their place, to my mind does not affect this case. The township had notice of their condition long before the injury to Mr. McRae occurred. In this case the Gurneys were held liable for negligence arising out of failure to observe a common-law duty. It is said Noret, the defendant, is liable from failure to observe a common-law duty, but it must be conceded that the taking down of the railings did not directly cause the accident, neither did the putting up of the flimsy ones directly cause the injury, so neither of these acts can be called gross negligence. If, when the flimsy barriers had been put up, either Mr. Gurney or the township had erected good barriers, the injury to Mr. McRae would not have occurred. So then, the most that can be said is that Mr. Noret, the Gurneys, and the township failed in their duty to put and keep the highway in repair. The negligence of each was the same, viz., a failure to repair the bridge, and that negligence was concurrent on all three parties. Can it be contended that the township may sue and recover indemnity against the Gurneys now because it paid the joint judgment? If not, then with what more reason can it sue and recover against Noret, who was not more bound by the notice served on him than were the Gurneys by the judgment to indemnify to the township, or to share with it in paying the judgment."

OSTRANDER, J. (*after stating the facts*). It is the general rule that whenever the wrongful act of one person results in liability being imposed on another, the latter may have indemnity from the person actually guilty of the wrong. The exception to the rule is that

as between actual tort-feasors the law will not enforce contribution or indemnity. The rule of the exception, one of public policy, has not generally been extended by courts. Public policy demands that two or more wrongdoers shall be left as to each other where their joint offense leaves them. It does not require that consequences of the wrong of one person shall be visited, without indemnity, upon others, not *particeps criminis*, or *in pari delicto*. In his work on Torts (1st Ed.), pp. 144, 145, Judge COOLEY, in stating the same principle, says:

"As under the rules already laid down the party wronged may, at his election, compel any one of the parties chargeable with the act, or any number less than the whole, to compensate him for the injury, it becomes a consideration of the highest importance to the person or persons, thus singled out and compelled to bear the loss, whether the others who were equally liable may be compelled to contribute for his relief. On this subject there is a general rule, and there are also some very important exceptions. The general rule may be found expressed in the maxim that no man can make his own misconduct the ground for an action in his own favor. If he suffers because of his own wrong-doing, the law will not relieve him. The law cannot recognize equities as springing from a wrong in favor of one concerned in committing it. But there are some exceptions to the general rule which rest upon reasons at least as forcible as those which support the rule itself. They are of cases where, although the law holds all the parties liable as wrongdoers to the injured party, yet as between themselves some of them may not be wrongdoers at all, and their equity to require the others to respond for all the damages may be complete. There are many such cases where the wrongs are unintentional, or where the party, by reason of some relation, is made chargeable with the conduct of others."

The rule has been many times, and almost universally, applied in favor of municipal corporations called

upon on account of some violation of the statutory duty to keep highways fit for travel to pay persons injured upon the highways by excavations, obstructions, traps, and nuisances placed therein by third persons. In such cases, usually, the liability of the municipality to the injured person is predicated of omission to remedy a defective condition, and of the actual wrongdoer to the municipality of his actual wrongdoing. Thus in *Inhabitants of Woburn* v. *Railroad Corporation,* 109 Mass. 283, the defendant, to allow a person to move a building over the street, took down one of the posts supporting its warning sign, leaving a considerable hole in the highway, which remained during the period, some three weeks, that was required to move the building in sections. A traveler on the highway fell into the hole and was injured. He recovered a judgment against the municipality, which paid it and sued the railroad company for indemnity. See, also, *City of Boston* v. *Coon,* 175 Mass. 283 (56 N. E. 287) ; *City of Holyoke* v. *Hadley Co.,* 174 Mass. 424 (54 N. E. 889) ; *City of Lowell* v. *Glidden,* 159 Mass. 317 (34 N. E. 459) ; *Inhabitants of Swansey* v. *Chace,* 16 Gray (Mass.), 303; *Inhabitants of Lowell* v. *Railroad Corporation,* 23 Pick. (Mass.) 24 (34 Am. Dec. 33) ; *Mooney* v. *Light Co.,* 185 Mass. 547 (70 N. E. 933) ; *Trustees of Canandaigua* v. *Foster,* 156 N. Y. 354 (50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575) ; *Baltimore, etc., R. Co.* v. *Howard County,* 113 Md. 404 (77 Atl. 930) ; *City of Seattle* v. *Improvement Co.,* 47 Wash. 22 (91 Pac. 255, 125 Am. St. Rep. 884, 14 Am. & Eng. Ann. Cas. 1045), s. c., with notes, 12 L. R. A. (N. S.) 949; *City of Wabasha* v. *Southworth,* 54 Minn. 79 (55 N. W. 818) ; *Robertson* v. *City of Paducah,* 146 Ky. 188 (142 S. W. 370) ; s. c., with notes, 40 L. R. A. (N. S.) 1153; *Gridley* v. *City of Bloomington,* 68 Ill. 47 ; *Durant* v. *Palmer,* 29 N. J.

Law, 544; *City of Chicago* v. *Robbins,* 2 Black (67 U. S.), 418; *Bailey* v. *Bussing,* 28 Conn. 455; 3 Dillon, Municipal Corporations, § 1035, and notes; *Catterlin* v. *City of Frankfort,* 79 Ind. 547 (41 Am. Rep. 627); *McNaughton* v. *City of Elkhart,* 85 Ind. 384; *Brown* v. *Town of Louisburg,* 126 N. C. 701 (36 S. E. 166, 78 Am. St. Rep. 677); *City of Raleigh* v. *Railroad Co.,* 129 N. C. 265 (40 S. E. 2); *City of Grand Forks* v. *Paulsness,* 19 N. D. 293 (123 N. W. 878), s. c., with notes, 40 L. R. A. (N. S.) 1158; *City of San Antonio* v. *Smith,* 94 Tex. 266 (59 S. W. 1109).

It is evident, I think, that the learned trial judge, called upon to apply a rule, considered only the relations of the several parties, involved as defendants in the two actions, to the injured man, and did not consider their relations to each other. And he may have been misled by the concluding portion of the opinion rendered in *McRae* v. *Township of Hart,* in which the right to recover against all defendants in that action is affirmed. The injured man, McRae, might have brought his action against either the township, the Gurneys, who owned the mill and maintained the race and bridge, or Noret. Each of them owed him a duty. He joined as defendants the Gurneys and the township. As between the Gurneys and the township, the latter had the right, under the statute, to repair the bridge and charge the cost to the Gurneys. But the act of Noret in removing the bridge railings and substituting others, creating a nuisance in the highway, was what involved the township and the Gurneys, who omitted, it seems, to repair a condition created by Noret.

The declaration fairly states a case of unlawful and unwarranted interference by defendant with a lawful and safe structure—a bridge—in the highway, and what resulted therefrom. It is not legally infirm for any of the reasons set out in the demurrer. The defenses open to defendant are indicated in *City of Lan-*

*sing* v. *Railroad Co.,* 129 Mich. 403 (89 N. W. 54), *Grant* v. *Maslen,* 151 Mich. 466 (115 N. W. 472, 16 L. R. A. [N. S.] 910), and *Grand Rapids Lumber Co.* v. *Blair,* 190 Mich. 518 (157 N. W. 29).

The judgment is reversed, with costs to plaintiff in error.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.