### TOWNSHIP OF HART v. NORET.

1. INDEMNITY—JUDGMENT—RES JUDICATA.

   The judgment against a township, in an action for personal injuries caused by a defective railing on a bridge, was conclusive as to the existence of the defects, the injury to plaintiff therein, that he was free from contributory negligence, and the amount of damages awarded.

2. SAME—ADMISSIONS—DIRECTED VERDICT.

   In an action by the township for indemnity, on the theory that defendant was responsible for the defective railing, defendant's admission that he took the railing away and erected the one in question, in addition to issues conclusively settled in the case against the township, made the case against defendant complete, requiring directed verdict for plaintiff.

Error to Oceana; Sullivan, J. Submitted June 12, 1918. (Docket No. 25.) Decided October 7, 1918.

See notes in 40 L. R. A. (N. S.) 1165; L. R. A. 1916 F, 86.

Case by the township of Hart against Edwin A. Noret for indemnity against a judgment for personal injuries. Judgment for defendant. Plaintiff brings error. Reversed, and judgment entered for plaintiff.

*Hall & Greene* and *Hall, Gillard & Temple,* for appellant.

*F. E. Wetmore,* for appellee.

BIRD, J. Defendant Noret, in April, 1912, moved several buildings in the village of Hart, over a mill-race bridge, situate in the public highway. In doing so, it became necessary, on account of the width of the buildings, to remove the railings on the bridge. After getting the buildings across, his workmen, in obedience to his orders, either replaced the old railings or erected new ones. On July 12, 1912, William McRae, while crossing the bridge on a bicycle, ran into an accumulation of sand which stopped or slowed down his machine. In attempting to steady himself he took hold of the railings, they gave away with him and he was precipitated into the stream 20 feet below, causing him serious injury. He sued the township and the Gurneys, the owners of the mill, on the theory that they were negligent in permitting defective and insecure railings on the bridge, and recovered against both defendants a substantial verdict. After the suit was commenced and before trial the township notified defendant in writing that the suit had been commenced and requested him to defend the same, and notified him that it would hold him liable for any judgment that might be rendered against it. Noret paid no attention to this notice and made no defense. The judgment recovered against the Gurneys and the township was afterwards reviewed in this court and affirmed (*McRae* v. *Township of Hart,* 179 Mich. 325). The township then paid the judgment and sued de-

fendant to enforce indemnity on the theory that the defendant was responsible for the condition of the barriers. The defendant interposed a demurrer to the declaration, which was sustained in the trial court, but was afterwards reversed in this court (191 Mich. 427, L. R. A. 1916F, 83). Much controversy was indulged in throughout the trial concerning what questions were conclusively settled against the defendant by McRae's case against the township. At the close of the testimony the township requested a directed verdict, but the trial court was of the opinion that defendant's liability was a question of fact. He, therefore, submitted it to the jury and they returned a verdict for the defendant.

1. In order to determine whether the trial court should have granted plaintiff's request, it will be necessary to examine the state of the proofs at the close of the testimony. Applying the general rule, the judgment against the township was conclusive in this case on the following propositions:

(a) As to the existence of the defects which caused the damage.

(b) The injury to McRae.

(c) That McRae was free from contributory negligence.

(d) The amount of damages awarded McRae.

The only question, therefore, open upon this inquiry was the question of the liability of defendant. 22 Cyc. p. 106; *City of Lansing* v. *Railroad Co.*, 129 Mich. 403; *Grant* v. *Maslen*, 151 Mich. 466 (16 L. R. A. [N. S.] 910); *Grand Rapids Lumber Co.* v. *Blair*, 190 Mich. 518.

The defendant himself testified he took away the railings and that his workmen erected the ones in question. The recovery against the township was had upon the theory that these barriers were defective and insecure. This testimony, therefore, in addition to

the issues which were conclusively settled in the case against the township made the case complete against the defendant, inasmuch as no claim was made by him that any change took place in the railings before McRae's injury. Defendant's admission that he was responsible for the barriers, which were adjudged in the other case to be the cause of McRae's injury, left no question of fact to be determined by the jury. The court should have granted plaintiff's request.

The judgment for defendant is reversed. A judgment will be entered in the trial court in favor of plaintiff for the amount of the judgment and costs in the case of McRae against the township of Hart *et al.*

Plaintiff will recover its costs in this case in both courts.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with BIRD, J. OSTRANDER, C. J., concurred in the result.