ROGERS v. DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE.

1. INSURANCE — AUTOMOBILES — PUBLIC LIABILITY AND PROPERTY DAMAGE.

In action by administrator of estate of insured's wife against automobile public liability and property damage insurer to recover amount of judgments recovered against her, insurer's liability, if any, arises because of contract of insurance.

2. SAME — JUDGMENT AGAINST INSURED — RES JUDICATA—AUTOMOBILES.

Since question of liability of automobile public liability and property damage insurer was not in issue in actions by injured parties against insured, judgments against latter are not *res judicata* of liability of insurer under the policy.

3. JUDGMENT—RES JUDICATA—DEFINITION.

The matter in issue which must be identical in order to render the rule of *res judicata* applicable is that matter upon which the plaintiff proceeds by his action and which the defendant controverts by his pleadings.

4. Same—Issues—Res Judicata.

    Judgments are *res judicata* only as to matters in issue or that could have been put in issue in the law action.

5. Same—Res Judicata—Application of Rule.

    Doctrine of *res judicata* does not apply to a decision which was not rendered on the merits of the questions involved, where the identical matter in issue in the subsequent proceeding was not, and could not have been, determined by the former adjudication, or where the parties or their privies were not the same.

6. Insurance — Automobiles — Evidence on Issue of Insurer's Liability.

    Insurer under automobile public liability and property damage policy has right to have its liability on policy litigated, hence admission of testimony on that issue was proper.

7. Same—Automobiles—Insurer's Liability—Instructions on Trial Against Insured.

    In action by administrator of estate of wife of insured on public liability and property damage policy to recover amount of two judgments against her, exclusion of trial court's charge to jury in action by injured parties against insured and wife *held*, not error where, upon examination, it is not shown its admission would have been material to the issue involved; *i. e.*, nonliability where car is being driven by person under 16 years of age.

8. Witnesses—Matters Equally Within Knowledge of Deceased —Principal and Agent.

    In action by administrator of estate of wife of insured on automobile public liability and property damage policy to recover amount of judgments against her, admission of testimony of insurer's claim adjusters and employee in legal department as to conversations with deceased respecting accident on which judgments were founded *held*, not prohibited by statute barring testimony as to matters equally within knowledge of deceased, where there is no showing any of such agents acted as agents in the making or continuing of the contract of insurance which was not made with deceased, but with her husband (3 Comp. Laws 1929, § 14219).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 22, 1936. (Docket No. 128, Calendar No. 38,048.) Decided April 6, 1936.

Action by Percy L. Rogers, administrator of the estate of Mary Ann Wysocki, deceased, against Detroit Automobile Inter-Insurance Exchange on an insurance policy to recover the amount of two judgments against deceased. Judgment for defendant. Plaintiff appeals. Affirmed.

*Milton L. Warren,* for plaintiff.

*Howard D. Brown (Robert G. Jamieson,* of counsel), for defendant.

Toy, J. This action was brought to recover the amount of two judgments previously rendered against Mary Wysocki, plaintiff's decedent, arising out of an automobile accident, and is based upon an automobile public liability and property damage insurance policy issued by defendant to Alex Wysocki, the husband of plaintiff's decedent. Trial was had in the circuit court without a jury, and at its conclusion the court found for defendant and entered a judgment of no cause of action. Motion for new trial was made and denied. Plaintiff appeals.

Upon the trial of this cause in the circuit, plaintiff introduced in evidence the files and records in the cases of Helen Leleniewski, by her next friend, *v.* Alexander and Mary Wysocki, and Vincent Leleniewski *v.* Alexander and Mary Wysocki, being cases numbered 166489 and 166502, respectively, in the Wayne circuit court, which contained the declarations of the respective plaintiffs, the answers of the defendants therein, and certified copies of the judgments against Alexander Wysocki and the administrator of the estate of Mary Wysocki. These judgments were certified to the probate court for Wayne county in the matter of the estate of Mary Wysocki, deceased, as a claim against her estate.

Plaintiff based his cause of action in the instant case upon the court records and judgments cited above and the provisions of the aforementioned insurance policy, and especially that portion of the policy which reads as follows:

"(22)  The insurance provided by this policy is so extended as to be available in the same manner and under the same conditions as it is available to the named assured, to any person or persons while riding in or legally operating any of the automobiles described in the declarations, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured or if the named assured is an individual with the permission of an adult member of the named assured's household, other than a chauffeur or domestic servant.

"The unqualified term 'assured' wherever used in this policy shall include, in each instance, any other person, firm or corporation entitled to insurance under the provisions and conditions of this paragraph, but the qualified term 'named assured' shall apply only to the assured named and described as such in the declarations."

In its defense to the action, defendant contended that it was not liable, because of the express condition in the policy, which reads (in part):

"Agreement 5 special conditions—A—This policy shall be null and void: * * * (3) If any bodily injuries or death are suffered by any person, or persons, or there is damage to, destruction of, or loss of use of property as the result of an accident, * * * if such accident or damage or destruction occurs: * * * (d) While the automobile is being operated by any person under the age limit fixed by law, or under the age of 16 years in any event."

In accordance with that defense defendant introduced, over the objection of plaintiff, evidence tending to prove that at the time of the accident the insured automobile was being driven by the minor son of Alexander and Mary Wysocki, who was at that time 13 years of age.

Plaintiff contends that defendant was estopped to introduce such proof by reason of the former adjudication in the suits against plaintiff's decedent. He cites in support of his contention the case of *Township of Hart* v. *Noret*, 203 Mich. 376. We think that case is against his contention, and will endeavor to point out our reasons for so holding.

The undisputed testimony shows that at the time of the aforementioned accident, the minor son of the Wysockis was driving the insured automobile; that the day after the accident, Alexander Wysocki, his wife Mary, and the minor son, called at the office of defendant, and there made statements to representatives of the defendant to the effect that the 13-year old son was driving the insured's automobile at the time of the accident; that the insured, on the same date, made written proof of loss thereof, in which he stated that the driver of the insured car at the time of the accident was "Alex Wysocki, Jr., age: 13;" that on the same day, while attempting to get assistance from the Detroit Automobile Club in relation to a hearing before the accident investigation bureau of the Detroit police department, the insured made a written statement to them in which he averred:

"I, A. Wysocki, understand that my insurance policy with the Detroit Automobile Inter-Insurance Exchange does not protect me against claims for damages as a result of the accident of June 16th, in which my car was involved with my son driving."

On June 18, 1931, two days after the accident, the defendant sent a letter, by registered mail, to the insured denying, disavowing and disclaiming any and all liability under the insurance policy for the accident complained of:

"(1) Because said Studebaker Victoria was being operated by an unlicensed driver who is under the age fixed by law. (2) Because there has been a direct violation of paragraph 3, clause D, of agreement 5, special conditions of the policy."

When the actions were brought against Alexander Wysocki and plaintiff's decedent, the defendant had notice thereof but refused to defend the suits. In the declarations filed by the respective plaintiffs, Leleniewski, it was alleged that the automobile at the time of the accident was being driven by Mary Wysocki "through her agent and servant" and that she (Mary Wysocki) was negligent "through her agent and servant." Answering these allegations, Mary Wysocki denied that she was negligent, but, in effect, admitted that the automobile was driven by "her agent and servant."

The only issues in the causes against plaintiff's decedent were the following:

(a) The liability of Mary Wysocki, by reason of the negligence of her "agent and servant."·

(b) The injuries to Helen Leleniewski.

(c) The contributory negligence of Helen Leleniewski.

(d) The amount of damages.

The question of the liability of the defendant, in the instant case, was not in issue in the foregoing actions against plaintiff's decedent. Defendant's liability in this action, if any there is, must be because of the contract or policy of insurance. Under

its terms, if the automobile was driven at the time of the accident by a person under the age of 16 years, the policy became null and void. If the policy was null and void, defendant had no liability to the plaintiff. It seems to us, therefore, that the issues determined by the judgments against Mary Wysocki are in no sense identical with the issue in the case at bar. Therefore, those judgments against her are not *res judicata* as to the particular issue here, namely, the liability of defendant under the terms of the contract of insurance.

"The first essential of the rule of *res judicata* is the identity of the matter in issue. The 'matter in issue' is defined to be 'that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings.' " *LeRoy* v. *Collins,* 165 Mich. 380.

"The general rule is that judgments are *res judicata* only as to matters in issue or that could have been put into issue in the law action." *Thompson* v. *Doore,* 269 Mich. 466.

"The doctrine of *res judicata* does not apply to a decision which was not rendered on the merits of the questions involved." *Leib* v. *Bostwick,* 256 Mich. 277.

"A judgment is not *res judicata* unless the identical matter in issue in the subsequent proceeding was determined by the former adjudication." *Creek* v. *Laski,* 248 Mich. 425 (65 A. L. R. 1113).

"That a judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the merits, *upon the same matter in issue,* and between the same parties or their privies, is unquestionable." *Tucker* v. *Rohrback,* 13 Mich. 73, quoted with approval in *McDannel* v. *Black,* 270 Mich. 305.

Many other cases might be cited to like effect.

In the case of *Township of Hart* v. *Noret, supra,* we find a question somewhat analogous to the instant one. There a judgment had been rendered in favor of one McRae against the township because of certain defects on a bridge, which defects had caused injury to McRae. After the judgment against it, the township sued defendant to enforce indemnity. This court held that the judgment obtained by McRae was conclusive in the suit against the indemnitor on the following propositions:

"(a) As to the existence of the defects which caused the damage.

"(b) The injury to McRae.

"(c) That McRae was free from contributory negligence.

"(d) The amount of damages awarded McRae."

Then this court said:

"The only question, therefore, open upon this inquiry was the question of the liability of defendant." (Citing cases.)

We think that the statement contained in 15 R. C. L. p. 1017 is here applicable:

"The judgment in the prior suit is not, however, conclusive evidence of all matters necessary to be proved by the plaintiff in his suit against the indemnitor. Thus the question *whether the relation exists* which gives a remedy over is, of course, open to inquiry."

The defendant had a right to have the issue of its liability litigated and the court was correct in admitting testimony bearing on that issue.

Plaintiff contends that the court erred in not permitting him to introduce in the instant case the

charge of the court in the prior cases for the purpose of showing what issues were determined in those cases. That charge is included in the record. We have examined it, and do not see where its admission would be material to the issue here involved.

Plaintiff complains of the admission of the testimony of witnesses Powell, Tanner and Sauer. These witnesses testified to certain conversations with Mary Wysocki, plaintiff's decedent, relative to the accident. Plaintiff objected to this testimony on the ground that it was barred by virtue of that portion of 3 Comp. Laws 1929, § 14219, which reads as follows:

"No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness in any suit involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract against the legal representatives or heirs of such decedent, unless he shall be called by such heirs or legal representatives."

The witnesses Powell and Tanner were claim adjusters in the employ of defendant, and the witness Sauer was employed in its legal department. There was no showing that any of them *acted as agents in the making or continuing of the contract of insurance*. Further, it appears that the contract was not made with the deceased, but with her husband. We cannot see where this testimony was prohibited by the cited statute.

The other assignments of error do not merit discussion.

The judgment is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.