Stanley C. DOUGLAS, Plaintiff,

v.

The DETROIT EDISON COMPANY, a New York Corporation, Defendant and Third-party Plaintiff (Price Brothers Company, a corporation, Third-party Defendant).

No. 14680.

United States District Court
E. D. Michigan, S. D.

Oct. 17, 1956.

Charfoos, Gussin, Weinstein & Kroll, Detroit, Mich., for plaintiff.

Markle, Markle & Eubank, Detroit, Mich., for defendant and third party plaintiff.

Crawford, Sweeny, Dodd & Kerr, Detroit, Mich., Harshman, Young, Colvin & Alexander, Dayton, Ohio, for third party defendant.

PICARD, District Judge.

This matter comes before the court on motion to dismiss a third party complaint. The facts are these:

### Findings of Fact

One Stanley C. Douglas was injured while employed as a rigger for Price Brothers Company, for which injury he drew workmen's compensation. As permitted under Michigan law, he then brought action in this court against The Detroit Edison Company claiming that its negligence was the cause of his injuries and The Detroit Edison Company retaliates by seeking to implead Price Brothers Company, plaintiff's employer, as a third-party defendant under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Price Brothers Company moves to dismiss Edison's third-party complaint.

### Conclusions of Law

While aware that Michigan distinguishes between "active" and "passive" negligence (upon which The Detroit Edison Company bases its right to include Price Brothers Company, as third-party defendant), we hold that it may not be done in this particular case for three reasons—

(a) Plaintiff's bill of complaint against The Detroit Edison Company sets forth only actionable negligence. He does not claim that both his employer and Edison were guilty of negligence. If he had this would, of course, make them joint tort-feasors. But, he claims, Detroit Edison was actionably negligent and if plaintiff Douglas is to recover at all it must be on that basis. Calvery v. Peak Drilling Co., D.C., 118 F.Supp. 335. Under plaintiff's pleadings if Detroit Edison was not actionably negligent no judgment can be rendered against it and Price Brothers would not be liable to Edison for any reason, including Rule 14(a), F.R.C.P.

To the above we add this. Detroit Edison's counsel admits that if Edison is guilty of only "passive" negligence plaintiff can still recover against it. Since in Michigan joint tort-feasors may not recover by contribution from each other unless there is a joint judgment against them and since Michigan makes no distinction in liability between "active" and "passive" joint tort-feasors according to Detroit Edison's counsel, does not The Detroit Edison automatically negate its own claim to the right to add plaintiff's employer as a third-party defendant, Buckner v. Foster, D.C., 105 F.Supp. 279, something plaintiff couldn't have done himself as we will point out later herein? See Michigan Statutes Annotated, Sec. 17.144, Comp.Laws 1948, § 411.4. Of course Detroit Edison may answer this point by differentiating between "indemnification" and "contribution" which would have some, but we don't believe sufficient, merit. As stated by Judge Learned Hand in Slattery v. Marra Bros., 2 Cir., 186 F.2d 134, 138:

" * * * indemnity is only an extreme form of contribution."

However, we do not find it necessary to answer that question but pass to

(b) A perusal of Michigan cases where active and passive negligence is involved (positive and negative tort) seems to limit the right of one, guilty of "passive" negligence, recovering from the real tort-feasor to instances where such a one must pay for the real tort-feasor's wrong only because liable by operation of law. In other words, B must answer to A, not because B was negligent, but because B is liable for C's negligence, either by law or contract. See

Ryan Stevedoring Co. v. Pan-Atlantic Corp., 350 U.S. 124, 76 S.Ct. 232; Township of Hart v. Noret, 191 Mich. 427, 158 N.W. 17, L.R.A.1916F, 83; Portland v. Citizens' Telephone Co., 206 Mich. 632, 173 N.W. 382. This was true in Indemnity Insurance Co. of North America v. Otis Elevator Co., 315 Mich. 393, 24 N.W.2d 104, 171 A.L.R. 266; where the hotel was admittedly liable if not guilty of any negligence. And Portland v. Citizens' Telephone Co., supra, is an even better example. See also American District Telegraph Co. v. Kittleson, 8 Cir., 179 F.2d 946.

 But in the case at bar the facts are more potent since The Detroit Edison Company in its answer denies all negligence. It does not allege that it must respond to plaintiff for "passive" negligence as a matter of law, but that under the facts it is not negligent at all or only passively negligent. In any event, if defendant Edison desired to claim passive negligence it should have specifically stated in its pleadings the acts of omission or commission upon which it based its passive negligence, Rule 8, F.R.C.P. so that this court and the parties would then have some idea of what Detroit Edison's real position was.

We recognize that were The Detroit Edison Company to request permission to amend its pleadings to claim passive negligence such a request would undoubtedly be granted by this court although under the facts admitted in pretrial and by the pleadings, such an amendment would, in our opinion, be very difficult to prepare; and

 (c) There is a more determinative reason why The Detroit Edison Company cannot make Price Brothers Company a third-party defendant herein. The Workmen's Compensation Act in the State of Michigan provides as follows:

"17.144 Exclusiveness of remedy under act, where applicable. Sec. 4. Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer."

We cannot re-write the first line above by inserting the word "employee's" so that it reads "Exclusiveness of employee's remedy" as suggested by Detroit Edison's counsel, but under several authorities, particularly the case of Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 10 Cir., 215 F.2d 368, an employer cannot be so added as a third-party defendant where that employer has by virtue of the compensation law been obliged to pay compensation. Another case Lo Bue v. United States, 2 Cir., 188 F.2d 800, to the same effect added that to hold otherwise would prove a "conduit" for recovery of damages from an employer in excess of statutory compensation. To which we in turn contribute that any other holding would be merely circumvention of that very humane law which makes an employer liable to his employee for any injury the employee receives in the course of his employment, by depriving that employer of all defenses he might have had under the common law, or otherwise, such as negligence of a fellow servant, employer's freedom from all negligence, or contributory negligence by the employee himself. Permitting one defendant to add the employer as a third-party defendant might add to the amount the employer must pay his employee under the Workmen's Compensation Law. Rule 14(a), F.R.C.P., did not envision such a procedure.

While admittedly this point (workmen's compensation) has not been decided in Michigan the weight of authority in other jurisdictions where the question has been determined on the same or similar wording as the Michigan law is that defendant should not be permitted to add such employer as a third-party defendant. Underwood v. United States, 10 Cir., 207 F.2d 862; American Mut. Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322; Crawford v. Pope & Talbot, Inc., 3 Cir., 206 F.2d 784. See

**4**

also Calvery v. Peak Drilling Co., supra; Peak Drilling Co. v. Halliburton Oil Well Cementing Co., supra; Lo Bue v. United States, supra, and Slattery v. Marra Bros., supra.

In those cases holding contrary the question is generally affected to some extent by the respective laws of those states. As for example Banks v. Central Hudson Gas & Electric Corp., 2 Cir., 224 F.2d 631; Burris v. American Chicle Co., 2 Cir., 120 F.2d 218; Rich v. United States, 2 Cir., 177 F.2d 688.

The motion to dismiss is therefore granted.