AMERICAN FIDELITY & CASUALTY
CO., a Virginia corporation,
Plaintiff,

v.

Harry PRIEBE, individually and doing
business as Priebe Bros., Defendant.

Civ. A. No. 2619.

United States District Court
W. D. Michigan, S. D.

Oct. 24, 1956.

Seymour, Seymour & Hughes, Dalton G. Seymour, Benton Harbor, Mich., for plaintiff.

Gore & Williams, Charles W. Gore, Benton Harbor, Mich., for defendant.

KENT, District Judge.

In this action plaintiff seeks indemnity for monies paid by plaintiff and/or plaintiff's assignor, Holland Motor Express Inc., in settlement of a prior action in which this defendant, plaintiff's assignor and Donald W. Waits were defendants.

The prior action in the Circuit Court for the County of Berrien, Michigan, was entitled Myrtle Barricklow, plaintiff, v. Donald W. Waits, Harry Priebe, d. b. a. Priebe Bros. and Holland Motor Express Inc., and arose out of an accident which occurred on the 28th day of July, 1952, between an automobile owned and operated by Lowell Barricklow, in which Myrtle Barricklow was a passenger, and a unit consisting of a tractor and trailer driven by Donald W. Waits, the tractor being owned by Harry Priebe, d. b. a. Priebe Bros., and the trailer being owned by Holland Motor Express Inc.

After a trial in the Circuit Court for the County of Berrien, judgment was entered for Myrtle Barricklow against the three defendants named in that action, for the sum of $46,790 with costs to be taxed.

There was also pending a claim by Myrtle Barricklow, as administratrix of the estate of her husband, Lowell Barricklow, who died as a result of injuries received in the accident of July 28, 1952.

An appeal was taken from the judgment above referred to. While the appeal was pending the parties agreed to enter into a settlement with Myrtle Barricklow, individually and as administratrix of the estate of her husband, Lowell Barricklow. By the terms of the agreement between the parties hereto and plaintiff's assignor, the sum of $25,000 was paid in full settlement of all claims by the Barricklows arising out of the accident of July 28, 1952, and a stipulation was entered into between Harry Priebe d. b. a. Priebe Bros. and Holland Motor Express Inc., through their respective counsel which recited the fact of the settlement and provided in part as follows:

"That in so settling said judgment and said pending death claim, neither party to this stipulation waives any rights or causes of action he or it may have against the other party to this stipulation to recover his or its portion of the said sum so paid to settle said action."

Reference was also made in that stipulation to the possibility of a suit "between the parties hereto or their assigns" brought to determine the rights of any party to indemnity from the other.

We are now concerned with the suit for indemnity. In the course of the hearing before the court without a jury, there was offered in evidence a transcript of the testimony, the motions, and the charge of the court in the personal injury accident against the defendant and plaintiff's assignor. It appears from that

transcript, marked Exhibit 1 in this action, that counsel for plaintiff's assignor made a motion to dismiss the action as to the Holland Motor Express Inc. at the conclusion of plaintiff's proofs on the theory "that the defendant Priebe is an independent contractor operating his own equipment by his own employees * * the trailer owned by Holland Motor Express Inc. and drawn by Priebe is not a motor vehicle under the Michigan Code making the owner of a motor vehicle liable when being driven by a third party under certain circumstances." Exhibit 1, pp. 120, 121. This motion was renewed at the end of all the proofs. Exh. 1, p. 170.

The ruling of the Circuit Court for Berrien County on these motions, which was reserved under the Empson Act, Comp.Laws 1948, § 691.691 et seq., has not been offered in evidence. The only statement material to this issue which the court has been able to find in Exhibit 1, is contained in the charge to the jury by the Honorable Thomas N. Robinson, Circuit Judge. In that charge the following appears:

> "In the case before you it is admitted that the defendant, Donald W. Waits, was driving a tractor owned by Harry Priebe, d. b. a. Priebe Bros. and was pulling a trailer owned by Holland Motor Express Inc., and, therefore, the tractor and trailer, under the existing circumstances in this case, are to be considered by you as one vehicle owned and operated as one vehicle by all of the defendants. Their liability, if any, is one and the same." Exhibit 1, p. 171–a.

It is now contended for and on behalf of the defendant that the issue of the relationship between the parties is res judicata on the theory that the judgment in the court which tried the personal injury action determined the rights as between the parties hereto, and that the stipulation above referred to had no effect upon any such rights.

■ It was stipulated by counsel during the course of the hearing in this action, that plaintiff on behalf of the Holland Motor Express, paid $8,000 toward the settlement of the Barricklow claims, that the defendant paid $5,500 toward the settlement of such claims. That in addition to the amount paid toward the settlement plaintiff paid attorney fees and costs in the sum of $2,682.31, which were agreed to have been reasonable and proper charges. It was further agreed that the defendant paid the sum of $1,000 attorney fees, which it is agreed constituted a fair and reasonable charge. It is pointed out at this time as regards the payment of attorney fees and costs, that the relationship between the parties hereto was not determinative of their obligation to pay attorney fees. There was no contract between the parties requiring either to appear and/or defend on behalf of the other. The defendant was in no way responsible for the fact that Myrtle Barricklow saw fit to join plaintiff's assignor as a party defendant in the State court action. We fail to understand how the defendant can be charged with the expenses incurred by the Holland Motor Express Inc. in defending the Barricklow action, or conceivably how the plaintiff can be held liable for the expense of defending the Barricklow action.[1]

In this action the court makes findings of fact as follows:

(1) Plaintiff is a corporation organized and existing under the laws of the State of Virginia, duly domesticated and permitted to do business in the State of Michigan, and brings this action as as-

1. First National Bank of Pukwana v. Brule National Bank, 1917, 38 S.D. 396, 161 N.W. 616, 12 A.L.R. 1079 held that attorneys' fees expended in defense of a suit to recover a bank deposit which had been withdrawn by a forged check could not be recovered in a suit against the bank which had originally accepted the forged check. See also Landstrom v. Thorpe, 8 Cir., 1951, 189 F.2d 46, 26 A.L.R.2d 1170 (a suit based on a wrongful registration of trademark and unfair competition) and 15 Am.Jur., Damages § 142.

signee of Holland Motor Express Inc., a Michigan corporation. Defendant is a citizen and resident of Berrien County, Michigan, within the jurisdiction of the United States District Court for the Western District of Michigan.

(2) The matter in controversy exceeds exclusive of interest and costs the sum of $3,000.

(3) On or about the 28th day of July, 1952, defendant was the owner and operator of a business, including a trucking business, with a terminal in the County of Berrien, Michigan, from which he operated his principal business which was the distribution of petroleum products, and from which he also operated a local pick-up and delivery service for certain interstate motor carriers. Holland Motor Express Inc. accounted for the bulk of defendant's pick-ups and delivery service business but did not account for all of it. Defendant had performed this service for Holland Motor Express Inc. for a period of more than ten years under a rather loose verbal agreement. Defendant was paid on a commission basis computed on the gross weight of the freight hauled on defendant's trailers with a minimum payment per stop. Defendant's pick-up and delivery service was confined to an area within a four-mile radius of the City of Benton Harbor, County of Berrien, Michigan. Defendant did not operate the pick-up and delivery service in interstate commerce and was not subject to regulation by or the regulations of the Interstate Commerce Commission.

(4) Defendant through his employees performed certain services for Holland Motor Express Inc. in addition to and in connection with the local pick-up and delivery service. These additional services included the handling of certain adjustments with shippers and consignees for over, short and damaged freight, and some solicitation of business locally for Holland Motor Express Inc., as well as the conveying of certain instructions from Holland to Holland's interstate drivers. The employees of the defendant Priebe, who were performing services for Holland Motor Express Inc. were hired by Priebe and could be fired only by Priebe. They were paid entirely by Priebe and worked under Priebe's general supervision, although admittedly one or more received some specific directions and instructions from Holland Motor Express Inc. No individual driver employed by Priebe had an exclusive assignment to handle the pick-up and delivery of trailers for Holland Motor Express Inc.

(5) On July 28, 1952, defendant had in his employ one Donald W. Waits, who on that day was operating a tractor owned by defendant which was hauling a trailer owned by Holland Motor Express Inc. The trailer was loaded with goods for interstate shipment. Waits worked out of defendant's terminal, was paid by the defendant and admittedly had been hired by defendant, who retained the sole right to discharge him. Holland Motor Express Inc. had no direct control or authority over Waits, or over any of the other of defendant's employees, except to generally notify the terminal of freight which was ready to be picked up or delivered in the area in which Priebe operated. Holland Motor Express Inc. did not direct Waits or any other employee of the defendant as to the routes to be used or the tractor equipment to be used.

(6) On or about July 28, 1952, a tractor owned by defendant and driven by defendant's employee Waits was hauling a trailer owned by Holland Motor Express Inc. when it collided with an automobile. As a result of this collision suit was instituted by one Myrtle Barricklow, as set forth above. That suit resulted in a verdict of $46,790 for the plaintiff and against all defendants. Judgment was entered in that amount. An appeal was taken but before it was heard all the claims arising out of the accident and suit were settled by the parties for the sum of $25,000, and a stipulation was entered into by and between the defendant and Holland Motor Express Inc. which provided

(1) That the settlement was for the purpose of mitigating damages;

(2) That neither party waived any rights or causes of action against the other for the recovery of sums paid in settlement;

(3) That defendant Priebe should be bound by his testimony in the Circuit Court trial in any other action between the parties insofar as that testimony related to the relationship between Priebe, the driver, and Holland Motor Express Inc.

(4) That Holland Motor Express Inc. should be bound by the testimony of Charles Cooper, and

(5) That in any action for indemnity the questions of negligence and damages should not be relitigated but should be taken as settled by the judgment and settlement of the $25,000 paid in settlement. Holland Motor Express Inc. through plaintiff contributed $8,000.

(7) As a result of the State court trial in Berrien County, Waits, defendant, and Holland Motor Express Inc. were held to be jointly liable to respond in damages for the injuries resulting from the collision. The only negligence involved in that collision was that of defendant's driver, Donald W. Waits.

(8) By virtue of a policy of insurance between plaintiff and Holland Motor Express Inc., plaintiff paid the sum of $8,000 together with attorney fees and expenses of trial and court costs, which costs and attorney fees amounted to $2,682.31. Holland Motor Express Inc. assigned to plaintiff any and all rights which it might have against the defendant for any sums so paid in connection with the Barricklow claims and the defense thereof.

(9) Prior to the payment of the sum agreed upon to the Barricklow interest in the state court action, notice was given to defendant that the Holland Motor Express Inc. would look to the defendant, Harry Priebe for reimbursement for any amounts paid by it in settlement of the claims of Myrtle Barricklow and the estate of Lowell Barricklow, together with costs and attorney fees.

The court reaches the following conclusions of law:

(1) This court has jurisdiction of the parties hereto and of the subject matter of this action.

(2) On or about July 28, 1952, defendant, Harry Priebe, d. b. a. Priebe Bros. was an independent contractor operating a local pick-up and delivery service for plaintiff's assignor, Holland Motor Express Inc.

(3) On or about July 28, 1952, Donald W. Waits was acting as the servant of defendant his employer when the facts out of which this action arose occurred.

■ (4) The fact that the trailer owned by Holland Motor Express Inc. was loaded with goods which were traveling in interstate commerce, and that Holland Motor Express Inc. was engaged in transporting goods in interstate commerce, does not alter and did not alter the employer/employee relationship then and there existing between the defendant and Donald W. Waits.

(5) The Michigan Motor Vehicle Code does not alter the employer/employee relationship then and there existing between defendant and Donald W. Waits.

(6) Defendant as master is and was responsible for the negligent acts of his servant, Donald W. Waits.

■ (7) Plaintiff's assignor, Holland Motor Express Inc., was not guilty of any negligence which contributed to cause the collision out of which the personal injury action arose, resulting ultimately in this action for indemnity.

■ (8) As between defendant and plaintiff's assignor, Holland Motor Express Inc., defendant is liable for the negligence of his employee and servant, Donald W. Waits.

(9) Plaintiff is the assignee of Holland Motor Express Inc. and thereby becomes entitled to any and all rights which Holland Motor Express Inc. may have in the premises.

(10) Plaintiff as assignee of Holland Motor Express Inc. is entitled to indemnity from defendant for the sums paid by

plaintiff or its assignor in settlement of the claims of Myrtle Barricklow and the estate of Lowell Barricklow.

■ (11) The judgment of the Circuit Court for Berrien County is not res judicata with respect to the rights to indemnity between the parties to this action.

(12) The judgment of the Circuit Court for Berrien County is not res judicata with respect to the question of the relationship between the defendant, Donald W. Waits, and Holland Motor Express, Inc.

The judgment of the Circuit Court for the County of Berrien is res judicata as to those questions which that court decided. The only finding of negligence in that case was the negligence of defendant's driver Donald W. Waits. The basis for the liability there imposed upon Holland Motor Express Inc. appears to have been that stated in Laughlin v. Michigan Motor Freight Lines, 1936, 276 Mich. 545, 268 N.W. 887, wherein it was decided that the duties of a common carrier cannot be delegated, and that such common carrier is answerable to third parties for the negligence of persons to whom it entrusts a part of its duties. While that decision was founded upon Ohio law, yet we are unable to find anything to the contrary in Michigan law.

■ It would appear that the liability of Holland Motor Express Inc. to third-party claimants could not have been based upon the statutes of the State of Michigan since the Michigan Motor Vehicle Code, Act No. 300 of 1949, Michigan Statutes Annotated, § 9.1801 et seq. which imposes civil liability upon "owners and operators of motor vehicles" does not include trailers or semi-trailers in the definition of "motor vehicles."

The Michigan Motor Vehicle Carrier Act, Act No. 254 of 1933, M.S.A. § 22.531 et seq., Comp.Laws 1948, § 475.1 et seq. and the Federal Act, 49 U.S.C.A. § 303 et seq. which do define "motor vehicle" as inclusive of the terms "trailers" and "semi-trailer" do not make provision for civil liability as does the Michigan Motor Vehicle Code.

We are unable to conclude from White v. Bye, 1955, 342 Mich. 654, 70 N.W.2d 780, that defendant was the agent or servant of Holland Motor Express Inc. or that the loaned employee doctrine can be extended to permit a finding that Donald W. Waits, defendant's driver, was the servant, employee or agent of Holland Motor Express Inc. in an action between these parties.

■ The general rule appears to be that stated in Restatement of Restitution, Chap. 3, Section 86, which provides in part as follows:

"When two persons were liable in tort for an injury resulting from the conduct of a third person, or from the condition of land or chattels, and one of them made reasonable expenditures in the discharge of the liability, he is entitled to indemnity from the other therefor, if he was without fault and if

"(a) * * *

"(b) the other because of a relationship between the two was as between them primarily responsible for the conduct or condition."

See also 9 Am.Jur., Carriers, section 938, 27 Am.Jur., Indemnity, sections 18, 19, and 4 Shearman and Redfield on Negligence, section 894.

The rule above stated appears to be the accepted rule of Michigan in Township of Hart v. Noret, 1916, 191 Mich. 427, 158 N.W. 17, L.R.A.1916F, 83. Suit was instituted by the Township against a contractor for indemnity after the Township had responded in damages to a party injured due to a faulty bridge railing constructed by employees of the contractor. The trial court sustained a demurrer to the complaint. The Supreme Court of Michigan reversed the lower court stating, 191 Mich. at page 434, 158 N.W. at page 19:

"It is evident, I think, that the learned trial judge, called upon to apply a rule, considered only the relation of the several parties, involved

**910**

as defendants in the two actions, to the injured man, and did not consider their relations to each other."

The above case has been cited with approval in Township of Hart v. Noret, 1919, 203 Mich. 376, 168 N.W. 1023; Detroit, Grand Haven & Milwaukee Railway Co. v. Boomer, 1916, 194 Mich. 52, 160 N.W. 542; Village of Portland v. Citizens' Telephone Company, 1919, 206 Mich. 632, 173 N.W. 382; Fidelity & Casualty Company of New York v. Federal Express, Inc., 6 Cir., 1943, 136 F.2d 35.

For the reasons herein stated judgment may enter for the plaintiff as assignee of Holland Motor Express Inc. and against the defendant for the sum of $8,000, with costs to be taxed.