GENERAL ACCIDENT GROUP v ATWOOD VACUUM MACHINE CO

INDEMNITY—NEGLIGENCE—THIRD PARTY—TORTS.

An insurance company is not precluded as a matter of law from bringing an action for indemnity against an alleged third-party tortfeasor when a default judgment was taken against the insurance company's insured in a previous negligence action because the law is settled that when the wrongful act of one person results in the imposition of liability upon another without the other's fault, indemnity may be recovered from the actual wrongdoer, and the previous default judgment was not determinative of the question of the negligence of the insured.

Appeal from Wayne, James N. Canham, J. Submitted Division 1 January 8, 1973, at Detroit. (Docket No. 14024.) Decided February 26, 1973.

Complaint by General Accident Group, a corporation, against Atwood Vacuum Machine Company for indemnification in the amount of a default judgment against its insured. Summary judgment for the defendant. Plaintiff appeals. Reversed and remanded.

*Plunkett, Cooney, Rutt & Peacock* (by *Joseph V. Walker)*, for plaintiff.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
41 Am Jur 2d, Indemnity §§ 19–27.
Right of tortfeasor guilty of only ordinary negligence to be indemnified by one guilty of intentional wrongdoing, wanton misconduct, or gross negligence, 88 ALR2d 1356.

Before: J. H. GILLIS, P. J., and BASHARA and O'HARA,* JJ.

BASHARA, J. On March 14, 1969, a trailer, owned by Barrett Advertising Company, broke loose from a tractor which was being operated by one of its employees. The trailer crossed the centerline of the highway and struck a vehicle which was owned and operated by Mr. and Mrs. Harold K. Asmus. Mr. and Mrs. Asmus filed suit against Barrett; a default judgment was entered and plaintiffs were awarded damages in the amount of $45,689.40. That judgment was appealed and affirmed by this Court. *Asmus v Barrett,* 30 Mich App 570 (1971).

The plaintiff in the instant case, who insured Barrett Advertising at the time of the accident and had paid the judgment, sued the defendant alleging that the accident was caused by a defective trailer hitch which had been manufactured by the defendant. The defendant moved for summary judgment on the basis that the default judgment entered against the plaintiff's insured was conclusive of its negligence and therefore an action for indemnity was barred. The motion was granted and plaintiff appeals.

The sole issue raised on appeal is whether an insurance company is precluded, as a matter of law, from bringing an action for indemnity against an alleged third-party tortfeasor, when a default judgment was taken against the insurance company's insured in a previous negligence action.

The law is settled that when the wrongful act of one person results in the imposition of liability upon another without that other's fault, indemnity may be recovered from the actual wrongdoer. *Hart*

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*Twp v Noret,* 191 Mich 427 (1916); *Nash v Sears Roebuck & Co,* 12 Mich App 553 (1968); *Detroit Edison v Price Bros,* 249 F2d 3 (CA 6, 1957). However, a party seeking indemnification must plead and prove that he is free from negligence and that the party he is seeking indemnification from is not, *Indemnity Insurance Co of North America v Otis Elevator Co,* 315 Mich 393 (1946); *Husted v Consumers Power Co,* 376 Mich 41 (1965).

Defendant contends that these principles are not applicable to plaintiff since that insured's negligence was established by the default judgment and since the plaintiff is claiming by right of subrogation, this negligence was imputed to him.

A similar argument was raised and rejected in *Indemnity Insurance Co v Otis Elevator Co,* 315 Mich 393 (1946). In the *Otis* case, the insurer was seeking indemnification for judgments which had been returned against the insured for injuries sustained in the elevator accident which had occured in the insured's hotel. Defendant in that case argued that the jury verdicts were conclusive of negligence and therefore recovery was barred. The Court rejected this argument with this reasoning:

"The jury verdict and the judgment in that case [Bradley's suit against the hotel] were determinative of all questions relative to Bradley's right to recover from the hotel, but were not determinative of the question of liability of the defendant elevator company to plaintiff insurance company in the present case. *Grant v Maslen,* 151 Mich 466 (16 LRA[NS] 910). The question of concurrent negligence as between the hotel and the elevator company was not directly presented or determined in that case. If the hotel company was free from concurrent negligence and if the negligence of the elevator company was the sole and proximate cause of

the accident and resulting injuries, plaintiff, as assignee of the hotel company would be entitled to recover indemnity from the elevator company". *Indemnity Insurance Co v Otis Elevator,* supra, p 398.

Although the *Otis* Court eventually decided that the evidence did not show that the plaintiff's assignee was free from negligence, we believe the above cited reasoning controls the instant case.

In the *Otis* case a jury verdict in a prior negligence action did not bar an action for indemnification; likewise the default judgment does not preclude the plaintiff, as a matter of law, from bringing an action for indemnification. Thus, summary judgment was improper.

Defendant contends that the plaintiff's failure to notify it of the original action has prejudiced its ability to defend the present action due to a lapse of time. It further contends that the present action alleges breach of warranty and since no notice was ever given, as required by the Uniform Commercial Code, the action is barred.

However, these contentions concern procedural defenses which may be raised as a bar to the instant case and are matters to be determined by the trial court.

Reversed and remanded.

All concurred.