CITY OF DETROIT v. GRANT.[1]

1. MUNICIPAL CORPORATIONS—PAVING CONTRACT—PERSONAL IN-
JURIES—LIABILITY OF CONTRACTOR—NOTICE.

Where a paving contractor, who had agreed to save the city
harmless from all loss and damage occasioned by his negli-
gence in doing the work, was sued jointly with the city for
personal injuries arising from his negligence, and procured a
discontinuance as to himself, it was not necessary for the
city, in order to fix his liability, to serve him with notice of
the pendency of the suit and of his right and opportunity to
defend.

2. SAME—ACCEPTANCE AND PAYMENT—RELEASE.

The acceptance of the work by the city, and payment therefor,
prior to the rendition of judgment against it by reason of the
negligence of the contractor, did not release the latter from
his obligation to save the city harmless from loss and damage
arising from his negligence.

Error to Wayne; Donovan, J. Submitted January 6,
1904. (Docket No. 8.) Decided February 16, 1904.

Debt by the city of Detroit against Archibald Grant on
an indemnity bond under a paving contract. From a
judgment for plaintiff on verdict directed by the court,
defendant brings error. Affirmed.

The defendant had a contract with plaintiff for paving
a street in Detroit. The contract was dated August 1,
1894. Defendant agreed—

"To erect and maintain a good and sufficient fence,
railing, or barrier around any and all excavations neces-
sary for said work, in such manner as to prevent acci-
dents; to place upon such railing or fence or barrier, at
twilight on each day, suitable and sufficient colored lights,
and keep them burning during the night; and further to
pay to, indemnify, and save the city harmless against all

[1]Rehearing denied June 18, 1904.

loss and damage which may be occasioned or arise by rea-
son of any negligence or carelessness on his part in doing
such work."

Defendant sublet the work.    His subcontractor did not
comply with this provision of the contract, and one Dooley
fell into an excavation and was injured.    Dooley filed a
claim for damages against the city, which the city re-
jected.    He thereupon brought suit against both the city
and defendant.    By stipulation between the attorney for
Dooley and the attorney for Grant, that suit was discon-
tinued as against Grant, and left to stand as against the
city.    After the adjournment of the court the first day of
the trial, the city served a written notice upon the defend-
ant, notifying him—

"That the suit of William Dooley, originally brought
against the city of Detroit and yourself, is on trial; that
the city will hold you liable for any judgment which may
be recovered against it in said cause; and, if you have
any information which may be used in the defense, I will
thank you to give it to me at once.    You are also requested
to assist in the defense."

On the following day the defendant appeared, was pres-
ent at the trial, and sworn as a witness.    Judgment was
rendered against the city for $1,500, January 3, 1898.
The work was completed in November, 1894, and the
board of public works so reported to the common council
November 27th.    A resolution was adopted in accordance
therewith, accepting the pavement and directing payment.
On December 4th the resolution was reconsidered, and re-
ferred to the board of public works, information having
been received that a man had been injured during the pro-
gress of the work, owing to the fact that no lights had
been kept at night.    After further consideration, and after
defendant had filed a petition for *mandamus* to compel
the acceptance of the work, and upon the advice of the
legal department of the city that the bond given by Mr.
Grant was liable in case of any judgment rendered against
the city, the total amount due Grant for paving was paid.

The object of this suit is to recover the damages suffered
by the city on account of the judgment so rendered against
it.   The proofs, in addition to what is above stated, con-
sisted of evidence of Mr. Dooley's injury in consequence
of the failure to put up lights or barriers, the proceedings
in the suit by Dooley against the city, the notice to defend-
ant to appear, the proceedings of the common council
accepting the work and ordering its payment, and the re-
ceipt thereof by Grant.   The court directed a verdict for
plaintiff.

The defenses are:

1. That the notice to defendant of the pendency of the
suit was not given in time.

2. That the notice was not such as to throw the burden
of the defense upon Grant.

3. That Grant was discharged from all liability by the
payment of the balance due under his contract with the
city.

*John J. Speed*, for appellant.

*Timothy E. Tarsney (John W. McGrath*, of counsel),
for appellee.

GRANT, J. *(after stating the facts).*   1. Grant had
agreed to save the city harmless from all loss and damage
which the city should suffer in consequence of any negli-
gence on his part in doing the work.   Mr. Dooley sued
both him and the city.   By agreement between Grant
and Dooley, the suit as to Grant was discontinued.   He
knew he was liable for any damage that might result.
Instead of contesting the suit, he chose to procure its
discontinuance as to him, and apparently without any
notice to or consent of the city.   No written notice is re-
quired in cases of this character, as is required to be given
to the grantor in a warranty deed upon his covenant of
warranty for breach thereof.   The authorities make a
difference between notices required to be given of the
pendency of suits involving title to real estate and other

actions.  *Mason* v. *Kellogg*, 38 Mich. 132; *Hines* v. *Jenkins' Estate*, 64 Mich. 469 (31 N. W. 432).  Having once been made a party to the suit, the defendant needed no further notice of its pendency, or of his right and opportunity to defend.  It is therefore unnecessary to determine the sufficiency of the notice given.  Upon this question the authorities do not seem to be agreed.  See *Chicago City* v. *Robbins*, 2 Black, 418; *Consolidated Machine Co.* v. *Bradley*, 171 Mass. 127 (50 N. E. 464, 68 Am. St. Rep. 409).

2. The payment of defendant's claim in full did not operate as a satisfaction of his liability under his contract with plaintiff.  He was liable upon his contract and bond. The amount of the claim against the city could not be determined until judgment was rendered.  Defendant was evidently advised that the city could not avoid payment after the work was satisfactorily done, and instituted suit to enforce acceptance.  In this condition of affairs the plaintiff accepted the work and paid defendant, instead of contesting suit and keeping defendant's money tied up for a long time.  This was a kindness and benefit to defendant, and did not release him from the obligation of his contract.

Judgment affirmed.

The other Justices concurred.