GRANT *v.* MASLEN.

1. INDEMNITY—PAVING CONTRACTOR—UNGUARDED EXCAVATION—
   LIABILITY OF INDEMNITOR.

   In an action by a paving contractor against his subcontractor
   on his contract to indemnify plaintiff from damages arising
   from his negligence in failing to protect his excavations by
   proper barriers and lights, proof that defendant did not pro-
   tect the work as agreed and that another was injured on that
   account, establishes defendant's liability.

2. SAME — JUDGMENT AGAINST INDEMNITEE — CONCLUSIVENESS
   AGAINST INDEMNITOR.

   While a judgment against an indemnitee is conclusive upon
   the indemnitor so far as concerns the facts of the rendition of
   the judgment, its amount, and the cause of action upon
   which it was rendered, it does not determine the question
   whether or not the indemnitor is in fact responsible over to
   the indemnitee, and the indemnitor may set up any defense
   which, from the nature of the action or the pleadings, he
   could not have set up in the former action had he been a
   party to it.

3. SAME—DAMAGES—JUDGMENT AS EVIDENCE.

   A judgment against the indemnitee is prima facie evidence of
   the amount of damages for which the indemnitor is liable,
   though he was not notified of the former suit.

Error to Wayne; Brooke, J. Submitted October 9,
1907. (Docket No. 12.) Decided March 17, 1908.

Assumpsit by John Grant, administrator of the estate
of Archibald Grant, deceased, against Frank Maslen, ex-
ecutor of the last will and testament of Andrew Ander-
son, deceased, for money paid. There was judgment for
defendant on a verdict directed by the court, and plaintiff
brings error. Reversed.

*Fred A. Baker*, for appellant.

*William C. Stuart* (*A. H. Wilkinson*, of counsel),
for appellee.

McALVAY, J.   Archibald Grant, plaintiff's decedent, in 1894 entered into a certain paving contract with the city of Detroit.   This contract among other things required the contractor to protect excavations with proper barriers and colored lights to prevent accidents, and to indemnify the city from damages arising by reason of negligence in that regard.   The excavating was done by Andrew Anderson, defendant's decedent, as a subcontractor, at the price per cubic yard Grant was to receive under the contract.   By reason of the negligence of this subcontractor in not putting up guards and colored lights, William Dooley, September 18, 1894, in the night-time, drove with a delivery wagon into the excavation and all of the bones of one of his ankles were fractured.   He went about on crutches for three years and was permanently injured.   In 1896 Dooley brought suit against the city of Detroit and Archibald Grant for damages for the injury he had sustained.   The suit was discontinued as against Grant, and a judgment recovered against the city for $1,500 damages and costs amounting to $66.30.   In 1898 the city brought an action against Grant to recover the amount it had paid in satisfaction of the Dooley judgment.   The city obtained judgment for $1,995.72 damages and $43.30 costs.   This judgment was affirmed by this court ( *City of Detroit* v. *Grant,* 135 Mich. 626).

In 1895 Andrew Anderson brought suit against Archibald Grant for balance due him on his subcontract for excavation, over and above the sum of $1,200 which he had been paid, claiming $448.95 due and unpaid.   Grant defended on the ground that it was Anderson's duty to guard the excavation and prevent accidents, and because of his negligence resulting in the Dooley injury he had been compelled to deposit a certified check of $421.65 before the board of public works would accept the pavement.   On the trial of this case in the Wayne circuit court, there being no disputed facts, the court directed a verdict for defendant Grant.   This judgment was also

affirmed by this court (*Anderson* v. *Grant*, 114 Mich. 161).

In 1904 Archibald Grant paid the judgment against him in favor of the city of Detroit in full, amounting to $2,220.96, and brought this action against Andrew Anderson for the money so paid. The declaration contains a special count in assumpsit and a common count for money paid out and expended. Defendant pleaded the general issue and gave notice of set-off.

Upon the trial the files and records in the cases referred to were introduced in evidence by plaintiff. The contract for paving was also introduced, with proof as to the subletting of the excavation to Anderson. William Dooley, the plaintiff who recovered against the city for damages on account of injuries sustained by the negligence of Anderson, was sworn as a witness for plaintiff and testified as to how, when, and where he was injured, and as to the nature and extent of his injuries. He was not cross-examined. The details of the connection of Anderson with the excavation and the amount he was paid, and also the recovery of a judgment by the city against Grant and its payment were proved by the records introduced and the testimony of Archibald Grant, Jr.

Defendant did not introduce any evidence. At the close of the case both parties requested a directed verdict, and by consent the jury were discharged with the agreement that the parties file briefs upon the legal questions raised by counsel, and the court could direct a verdict as if the jury were present. After considering these briefs the court directed a verdict for defendant of no cause of action, and filed a written opinion.

A reversal of the judgment entered in accordance with such direction is asked by plaintiff, for the following reasons:

1. That the court erred in directing a verdict for defendant.

2. That the court erred in refusing to direct a verdict in favor of plaintiff.

Both parties have died since this suit was commenced and the action has been revived by proper proceedings as to their respective representatives.

Plaintiff insists that the judgments in the Dooley case against the city and the city case against Grant are prima facie evidence of the damages suffered by Grant through the default of Anderson.

The learned trial judge said in his opinion:

" It is not claimed by the plaintiff that Andrew Anderson ever was notified to defend either of said judgments, but it is urged that said judgments are prima facie evidence of the damages suffered by Grant through the default of Anderson, and the defendant in the case at bar offering no testimony upon the question that the court is thereupon warranted in directing a verdict for the amount claimed. I am unable to agree with the conclusion reached by counsel for the plaintiff. It is quite obvious to me that the damages which a jury might render in favor of Dooley as against the city might be and probably were measured by a different standard than they would have been had they been rendered in an action to which Anderson, a private individual, was a party, or at any rate defending his own interest."

In this court the defendant relies upon his claim that plaintiff has not made a case against him upon either the question of his liability or the amount of damages. As to liability, plaintiff has proved that defendant's decedent in making the excavation as subcontractor did not protect the work by guards or lights, and Dooley was injured on that account. Dooley so testifies in this case. In the case of *Anderson* v. *Grant*, 114 Mich. 161, the only question was the liability of Anderson for negligence in leaving the excavation unguarded and unlighted. The court said:

" It appears that the plaintiff took the contract from the defendant at the same price at which the defendant had taken it from the city. The contract contained provisions in reference to the keeping up of lights in the night-time and also with reference to saving the city harmless from all damages by reason of any accident, etc.; and

plaintiff was to do the work in accordance with that contract. But, whether the contract contained this provision or not, he was bound to guard the work he was in the performance of. He could not leave it in a dangerous condition to passers-by without becoming liable for the consequences."

The judgment against Anderson was therefore affirmed. The measure of the liability of the city for the damages to Dooley was fixed in the case of *Dooley* v. *City of Detroit*, and the measure of liability on the part of the contractor Grant, plaintiff's decedent, to the city was fixed in *City of Detroit* v. *Grant*, 135 Mich. 626.

We come to the consideration of the main proposition in the case, fairly stated as follows by appellee in his brief:

" The question for discussion therefore is whether or not, under the circumstances of this particular case, the judgment in the former action was prima facie evidence of the amount of the damages."

The contention of the appellee is that, under the authorities, the former judgments are not conclusive except when actual notice of the suit pending is had by the person who may be liable over, and that this rule should be applied with stringency in cases of damages for personal injuries. We think the weight of authority shows this contention to be correct, when it is sought to make such former judgment conclusive upon the person liable over whether that liability arises from express contract or operation of law.

The authorities also hold:

" While a judgment against the person to be indemnified will be conclusive on the person responsible to him, so far as concerns the facts of the rendition of the judgment, its amount, and the cause of action on which it was rendered, it will not determine the question whether or not the one person is in fact responsible over to the other." 23 Cyc. p. 1271 et seq., and cases cited in notes.

And such person responsible over may set up any defense which, from the nature of the action or the plead-

ings, he could not have set up in the former action, had he been a party to it.   23 Cyc., supra.

It appears that in the case of *Anderson* v. *Grant*, supra, plaintiff had notice of the Dooley claim for injuries in the excavation made by him which was filed against the city and pending before the council for allowance; whether he had actual notice of the suit brought later is not shown by the record.   This is immaterial where the claim of conclusiveness as to the amount of the former judgment is not urged, and where, as in this case, the plaintiff who recovered in the former suit is produced as a witness, examined at length, and the opportunity for complete cross-examination is not taken advantage of by the person sought to be charged.

In *Knickerbocker* v. *Wilcox*, 83 Mich. 200, although not a case similar to the one at bar, yet the question of the conclusiveness of two judgments — one where no notice had been given and the other where the party had actual notice—was involved, this court said:

"As the case must go back for a new trial, I think it is proper to say that the Indiana judgments, while prima facie evidence of the amount which the defendant is liable to pay to indemnify the plaintiff, are not conclusive upon him.   He had no notice of the pendency of the first suit, and the judgment in that suit was finally entered by consent.   It is open to him to impeach the good faith of this transaction if he can do so."

To the same effect are *Bridgeport Fire & Marine Ins. Co.* v. *Wilson*, 34 N. Y. 275; *Lee* v. *Clark*, 1 Hill (N. Y.), 56.

We see no sound reason for the distinction appellee claims should be made between cases where the value of chattels or other visible property is the basis for damages, and cases for damages for personal injuries.   The authorities make no such distinction and the claim for it disappears when the same opportunity for cross-examination and establishing a substantive defense is present in both kinds of cases.   The defendant sought to be held respon-

sible over has his day in court and may make his defense if he has one.

The judgments in the former cases were produced to show the adjudication, the amount, and the involuntary payment to the city by this plaintiff's decedent. The defendant did not take advantage of his opportunity to defend against either judgment as to amount or in any other particular.

Both upon authority and reason the judgment should have been held prima facie evidence of the amount of damages for which the defendant was liable to the plaintiff. The court should have so held and instructed a verdict for plaintiff for the amount of the judgment the plaintiff had paid to the city which was the amount of the Dooley judgment, with interest and costs.

The judgment of the circuit court is reversed, and a new trial ordered.

GRANT, C. J., and BLAIR, MONTGOMERY, and CARPENTER, JJ., concurred.