Argued September 8, affirmed October 27, 1972

UNITED PACIFIC INSURANCE CO., *Respondent,*
*v.* SUNSET COVE, INC., *Appellant.*

502 P2d 261

*Jeanyse R. Snow,* Astoria, argued the cause for

appellant. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*David B. Templeton,* Portland, argued the cause for respondent. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

This is an action by an insurance company to recover attorney fees and other costs incurred by it in defending its insured in a prior lawsuit, alleging that under the terms of an indemnity agreement between defendant and plaintiff's insured defendant was liable to plaintiff for such costs. After trial before the court, without a jury, judgment was entered in favor of plaintiff. Defendant appeals. We affirm.

Defendant contends that "the trial court erred in ignoring the actions of [the insured] and the legal effects thereof" and that "[t]he facts show either that defendant fulfilled its duty to [the insured] or [the insured] waived its right to a defense under the indemnity agreement."

Defendant Sunset Cove, Inc., made a contract with plaintiff's insured (hereinafter referred to as "Contractor") to remove sand from the beach at Seaside. That contract included an indemnity agreement that Sunset Cove would hold Contractor harmless from any claims resulting from such work.[1]

---

[1] The terms of the indemnity agreement were as follows:

"Contractor agrees to do all work and perform all services at the direction and under the supervision of Sunset Cove, Inc.

The state of Oregon then filed a suit for injunction and for $500,000 in damages, naming both Sunset Cove and Contractor as defendants. Sunset Cove's attorney, Mr. Lawrence Dean, then undertook to defend both defendants. His partner also mailed a copy of the complaint to plaintiff as the insurer for Contractor for plaintiff's "information and notice as their insurers."

At a preliminary hearing (at which Mr. Dean appeared to represent both defendants), Contractor retained as independent counsel Mr. Gerald Robinson, who took the position that Sunset Cove's attorney could not also properly represent Contractor because of a conflict of interest in that Contractor then had a large and unpaid claim against Sunset Cove and the amount of insurance carried by Sunset Cove was inadequate to provide protection to Contractor against so large a claim by the State. It was then understood that Sunset Cove would pay the attorney fees of Mr. Robinson. Sunset Cove also says that it "repeatedly assured Contractor that [it] would take care of attorney fees and other expenses incurred by Contractor in the State suit."

Plaintiff then undertook to investigate the case

---

supervisory personnel. Owner [Sunset Cove] agrees to carry insurance and hold Contractor harmless from any claims, demands or complaints resulting from owner's development of the real property or from the necessity of operating equipment in said development. Contractor agrees to carry insurance and hold owner harmless from any claims or complaints of any nature caused by contractor's negligence in the operation of equipment or vehicles under this contract. The parties specifically agree that any claims arising from the mere operation of the equipment in and about said property and under the direction and supervision of owner shall not be the responsibility of contractor and owner will hold contractor harmless from any such claims."

and its attorney, Mr. John Beatty, contacted Mr. Dean in response to his letter. At first plaintiff took the position that the State's claim against Contractor was not covered by its policy and that it would defend the claim only under a reservation of rights. Later plaintiff withdrew that reservation and Mr. Beatty undertook to defend the claim against Contractor without reservation.

Meanwhile, however, Contractor's independent counsel, Mr. Robinson, also wrote to plaintiff demanding that it defend this claim. He also requested that he and Mr. Beatty be substituted for Mr. Dean as attorneys for Contractor.

Mr. Beatty then wrote a letter to Sunset Cove, Inc., tendering the defense of the claim to it under the terms of its indemnity agreement with Contractor. Mr. Robinson then objected to that tender of defense because of the same conflict of interest. In response Mr. Beatty pointed out, among other things, that if Sunset Cove accepted the tender it would be required to provide an attorney who did not have such a conflict.

Mr. Dean, on behalf of Sunset Cove, Inc., then rejected the tender of defense, stating as follows:

"* * * Regarding the tender of defense which you have forwarded to us that while Sunset Cove, Inc. has never denied its obligations to the contractors, there is a very definite conflict of interest between the contractors and Sunset Cove, Inc. and it would not be proper to these contractors that Sunset Cove, Inc. assume the defense. This would certainly be still the responsibility of the insurance company. While Sunset Cove, Inc. will continue to accept its responsibilities to the contractors, we certainly feel that the insurance company is obli-

gated to continue its protection and would be liable to the contractors in the event of a failure to do so."

The claim of the State for damages against both Sunset Cove, Inc., and Contractor was then successfully defended by Mr. Dean and Mr. Beatty with Mr. Robinson's assistance. In the trial of the case Mr. Dean and Mr. Beatty apparently cooperated well and divided the work in such a manner that there was little overlapping of effort.

At the conclusion of the case plaintiff submitted to Sunset Cove, Inc., the statement of Mr. Beatty for $10,610.96 in attorney fees and costs. Although that demand was rejected, it is not contended that the amount of these charges was unreasonable.

Defendant Sunset Cove, Inc., concedes that if an indemnitor under an indemnity agreement refuses to defend a claim against the indemnitor, the insurer of the indemnitee who does defend may recover its costs of defense from the indemnitor and that in such a case the indemnitor has the duty to either defend or pay the reasonable costs of defense. *St. Paul Fire & Marine v. Crosetti Bros.*, 256 Or 576, 580, 475 P2d 69 (1970). Defendant also concedes that it owed a duty to defend Contractor and that it rejected plaintiff's tender of the defense.

It is nevertheless contended by defendant that it fulfilled its duty to defend Contractor and that Contractor waived its right to a defense under the indemnity agreement. This contention is apparently based upon the fact that defendant's attorney initially undertook to defend both defendant Sunset Cove, Inc., and Contractor; that when Contractor's separate attorney called attention to the conflict of interest Sunset agreed to pay for his services to protect Contractor's interests;

that Contractor's attorney then demanded that plaintiff defend Contractor and objected to the tender of such defense by plaintiff to Sunset; that defendant was required to reject the defense because of the conflict of interest, and that Sunset's attorney then cooperated with plaintiff's attorney in the defense of the case.

The apparent basis for the decision by the trial court was that defendant had improperly rejected the tender of defense by plaintiff and was thus liable for the plaintiff's defense costs. The trial court also rejected defendant's contentions that the conduct by Contractor's attorney had any "significant legal impact" under the relationship of plaintiff and defendant arising from the indemnity agreement. Defendant contends that in so holding the trial court erred. As a result, most of the discussion on briefs and oral argument by both parties related to questions arising from the tender of defense and the conflict of interest between defendant and Contractor.

As we view this case, however, the tender of the defense by plaintiff and its rejection by Sunset is not controlling upon the question of the duty of Sunset under the facts of this case, including the terms of its indemnity agreement with Contractor to pay the reasonable costs incurred by plaintiff, as Contractor's insurer, in the defense of the State's claim against Contractor.

Whether or not there was an actual conflict of interest between Sunset and Contractor is also not the controlling question. Because Sunset and Contractor agreed that there was such a conflict, however, and because, as a result, Contractor properly rejected plaintiff's tender of defense, it does not follow that

Sunset was relieved of its responsibility to pay the reasonable defense costs incurred by Contractor.

In addition to the much disputed tender of defense, it is clear that Sunset Cove had full knowledge of the filing by the State of the action against Contractor, in which Sunset Cove was also joined as defendant. Under these circumstances it is clear, in our opinion, that Sunset Cove had the duty to either provide a defense to Contractor or to pay the cost of Contractor's defense, either by its own attorneys or by those provided by its insurance company, as in this case. See *Miller v. New York Oil Co.,* 34 Wyo 272, 243 P 118, 122 (1926); *Ireland v. Linn County Bank,* 103 Kan 618, 176 P 103, 105-6 (1918); *City of Detroit v. Grant,* 135 Mich 626, 98 NW 405, 406 (1904). See also *Commercial Standard Insurance Co. v. Cleveland,* 86 Ariz 288, 345 P2d 210, 216 (1959), and Comment, Third Party Indemnity Contracts, 39 Neb L Rev 373, 403 (1960).

■ We therefore hold, under the facts of this case, that even though Sunset Cove, Inc., may have been entitled to decline to accept plaintiff's tender of defense because of the conflict of interest between it and Contractor, it was nevertheless obligated by the terms of its indemnity agreement with Contractor to pay for the cost of Contractor's defense, including the cost of the services of the attorneys provided by plaintiff.

■ If, in such a case, the indemnitee engages or is provided by its insurer with separate counsel whose fees and expenses are excessive and unreasonable, the indemnitor is required to pay such costs only to the extent that they are reasonable. In this case, however, no contention is made that the attorney fees and expenses incurred by plaintiff in this defense were ex-

cessive or unreasonable and the evidence is to the contrary.

Defendant contends that as indemnitor it had the sole right to elect whether to provide a defense or pay the cost of defense, citing the Minnesota Supreme Court 1962-1963, 48 Minn L Rev 119, 180 (1963). This may be true of an insurer, for the reason that insurance policies normally provide that the insurer shall have complete control of the defense and that the insured may not do anything which interferes with such control. 14 Couch on Insurance 2d 543, § 51:50. In this case, however, defendant declined to accept plaintiff's tender of defense and while it may have been justified in doing so, it could not, as a result, escape its liability for payment of Contractor's defense costs, for reasons previously stated.

It may also be true that the indemnitee under such an agreement may waive the right to engage separate counsel and to require the indemnitor to pay the reasonable cost of such a defense. We hold, however, that the evidence in this case was not sufficient to sustain defendant's contention that Contractor waived such rights.

It follows that the judgment of the trial court must be affirmed.