558 P.2d 588 (1976)
McSTAIN CORPORATION, Plaintiff-Appellee,
v.
ELFLINE PLUMBING & HEATING, INC., Defendant-Appellant.
No. 76-465.
Colorado Court of Appeals, Div. II.
December 23, 1976.
*589 No appearance for plaintiff-appellee.
Kenneth C. Groves, Denver, for defendant-appellant.
VAN CISE, Judge.
Defendant, Elfline Plumbing and Heating, Inc. (contractor), the plumbing contractor on a school construction project, entered into a contract with the plaintiff, McStain Corporation (subcontractor), whereby the subcontractor agreed to furnish the labor, equipment, and materials to complete an eight-inch sanitary sewer relocation. The work was completed, and all but the retainage of $898.80 was paid. The subcontractor sued for the unpaid balance. By way of set-off and counterclaim, the contractor pled that it had had to pay $1,574.23 to repair a sidewalk abutting the school project damaged by heavy machinery used by the subcontractor, that it was entitled to apply the retainage against the cost of repair, and that the subcontractor should pay the contractor the balance of the cost over and above the retainage credit. On stipulated facts, the trial court entered summary judgment for the subcontractor for the $896.80 and dismissed the counterclaim. The contractor appeals; we reverse.
It was stipulated that the project was completed in April 1973, and that the property damaged was not a part of the work under the contract. It is disputed whether, during the course of the work, the subcontractor knew that damage had been caused to the sidewalk; however, in July it received a phone call from an adjacent property owner advising that the sidewalk was damaged and needed replacing. In November, *590 the general contractor told the contractor that, if the damaged sidewalk was not repaired immediately, the general contractor would do it and charge the contractor. There is a dispute as to whether the contractor phoned the subcontractor, prior to the time the repair work was done, advising that the sidewalk needed repair and asking that the subcontractor do it. The sidewalk was repaired that month at the contractor's expense. The first written notice from the contractor to the subcontractor pertaining to the sidewalk repair was in April 1974. This action was commenced and the answer and counterclaim was filed in February 1975.
In granting summary judgment to the subcontractor on his claim and on the set-off and counterclaim, the trial court relied on paragraph 5 of the contract, which provides in pertinent part:
"In the event Subcontractor fails, for any reason, to perform this Agreement or any part thereof or if Subcontractor fails to comply or is prohibited from complying with any provision of this Agreement and the failure to perform or comply is not corrected within five days after written notice by Contractor to Subcontractor specifying therein the particulars in which Subcontractor has failed to comply, Contractor shall be entitled, without prejudice to any other right or remedy accruing before or after the issuance of said written notice, to take over and complete the performance of the unfinished portions of this Agreement, or (in addition to or in the alternative) contract with any other party or parties so to do, at the sole cost and expense of and for the account of Subcontractor."
The court held that by making the sidewalk repairs before giving a written notice to the subcontractor, the contractor was barred from recovering its repair costs and would have to pay the full retainage. We do not agree.
The contract called for the subcontractor to complete the sewer line relocation. Paragraph 5 is applicable only when the subcontractor fails to perform or comply with the contract. However, in the instant case, the contractor is not complaining about any failure of the subcontractor to perform or comply with the contract. The work contracted for was completed. Instead, the contractor is seeking indemnification for the expenses incurred by it in repairing the damage done by the subcontractor to property adjacent to but not on the job site.
Assuming for purposes of the summary judgment motion that the contractor was liable to the persons injured for the damage to their property, this does not preclude the contractor from establishing that, as between the contractor and the subcontractor, it was the negligence of the latter that was the primary cause of the injury. If this fact is established by a preponderance of the evidence, then the contractor is entitled to be indemnified by the subcontractor. Jacobson v. Dahlberg, 171 Colo. 42, 464 P.2d 298; Schafer v. National Tea Co., 32 Colo.App. 372, 511 P.2d 949.
The provisions contained in the contract pertaining to indemnification of the contractor for damage to third parties are consistent with the above rule, and nothing is said therein about written notice being a condition precedent to reimbursement for such damage. Absent such contract requirement, notice is not a prerequisite to suit against the indemnitor, United States Fidelity & Guaranty Co. v. Jones, 87 F.2d 346 (5th Cir.); McCormick v. Boylan, 83 Conn. 686, 78 A. 335; Springfield v. Clement, 205 Mo.App. 114, 225 S.W. 120, rev'd on other grounds, 296 Mo. 150, 246 S.W. 175; Miller v. N.Y. Oil Co., 34 Wyo. 272, 243 P. 118, especially where, as here, the indemnitor had actual knowledge of the damages prior to the repairs being made by the indemnitee. Tolbert v. Standard Accident Insurance Co., 218 S.W.2d 488 (Tex.Civ. App.), rev'd on other grounds, 148 Tex. 235, 223 S.W.2d 617.
Therefore, there were unresolved questions of fact as to which party was primarily liable. Hence, it was error to enter summary *591 judgment denying the contractor's set-off and counterclaim and, because of the effect of a set-off, it was error to enter judgment for the retainage.
The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
PIERCE and KELLY, JJ., concur.