Steve DeFRANCO, Cross-Appellant,

Ingrid Jefferts DeFranco,
Appellee/Cross-Appellant,

v.

VALLEY FORGE INSURANCE COMPA-
NY, A SUBSIDIARY OF CNA INSUR-
ANCE COMPANY, Appellant/Cross-Ap-
pellee.

Nos. 84–1185, 84–1218.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 30, 1984.

Decided Feb. 11, 1985.

Patrick J. Goss, Little Rock, Ark., for appellant/cross-appellee.

Charles Phillip Boyd, Jr., Little Rock, Ark., for appellee/cross-appellants.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Valley Forge Insurance Company (Valley Forge) appeals from the adverse portion of the judgment entered by the district court[1] based upon the jury's answers to special interrogatories in this insurance case. On cross-appeal, Ingrid Jefferts DeFranco (Jefferts) and Steve DeFranco (DeFranco) contest the district court's denial of attorney's fees and failure to submit a requested jury instruction. We affirm the judgment of the district court.

**Facts**

Jefferts and DeFranco brought this action in district court against Valley Forge seeking to recover under a home owners insurance policy issued by Valley Forge to Curtis and Anna Ratliff, owners of a house in Little Rock, Arkansas. The Ratliffs purchased the home owners policy through Savers Insurance Agency (Savers Insurance) in May of 1979. The policy, which insured against fire loss, named Savers Federal Savings and Loan (Savers Federal) as the holder of the mortgage of the property. On September 10, 1979, the Ratliffs transferred a one-half interest in the property to Jefferts and gave her a second mortgage on the other half-interest which required them to "keep all improvements insured against fire, with all other full coverage insurance, loss payable clause to

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

[Jefferts]." On the same day, Jefferts' attorney contacted Savers Insurance to tell them of Jefferts' interest in the house and to ask what should be done to effectuate the necessary changes in the insurance policy. After consulting with her attorney after the telephone call, Jefferts believed she had coverage under the policy.

Subsequently, Jefferts and DeFranco occupied the house covered by the policy. DeFranco had loaned Jefferts the money to purchase the interest in the house. Jefferts paid the monthly mortgage payments to Savers Federal for four months before the house was damaged by fire on December 28, 1979. The Ratliffs claimed a loss of $37,357.36, and Valley Forge issued a draft for the full amount naming the Ratliffs, Jefferts and Savers Federal as loss payees. The proof of loss statement prepared by Savers Insurance also stated that Jefferts had an interest in and was the occupant of the property.

Savers Federal, as first mortgagee, received the full amount of the check, because its interest exceeded the amount claimed by the Ratliffs. Jefferts and DeFranco subsequently submitted a claim to recover the difference between the amount of coverage and the amount paid on the house and the maximum amounts of coverage for damage to personal property and for loss of use. After Valley Forge denied liability Jefferts and DeFranco instituted the civil action.

At an earlier stage in the proceedings, the district court granted Valley Forge's motion for summary judgment, stating that DeFranco and Jefferts were not parties to the insurance contract and consequently had no right to receive benefits therefrom. *DeFranco v. Valley Forge Insurance Co.,* 524 F.Supp. 742, 744 (E.D.Ark.1981). In an unpublished opinion, this court vacated the district court's dismissal and held, *inter alia,* that there were undecided factual is-

sues as to whether Savers Insurance received sufficient notice of Jefferts' and DeFranco's interest in the insured property and whether Savers Insurance was Valley Forge's agent. *DeFranco v. Valley Forge Insurance Co.*, 691 F.2d 503 (8th Cir.1982).

On remand, the matter proceeded to trial and the district court submitted special interrogatories on the notice and agency issues to the jury, which returned a verdict in favor of Jefferts and against DeFranco. The district court entered a judgment in conformity with the jury's answers awarding Jefferts $36,000 plus interest and dismissing DeFranco's complaint. Further the district court denied Jefferts' request for attorney's fees. Valley Forge's motion for a directed verdict and post-trial motion for judgment n.o.v. or new trial were denied, and this appeal and cross-appeal followed.

**Appeal**

 Valley Forge contends that the district court erred when it denied Valley Forge's motions for a directed verdict and judgment n.o.v. It also argues that there was insufficient evidence to sustain the judgment for Jefferts because it was not shown by substantial evidence that Valley Forge should have endorsed or amended its insurance policy with the Ratliffs to include Jefferts as a named insured. Valley Forge maintains that any changes in the policy required the company's written consent[2] and that such consent was never given. In determining the sufficiency of the evidence to submit an issue to the jury, this court must "view the evidence in the light most favorable to sustaining the jury's findings and must give the prevailing party the benefit of every reasonable inference which may be drawn from the evidence." *Dulin v. Circle F Industries, Inc.*, 558 F.2d 456, 465 (8th Cir.1977) (citations omitted). A motion for directed verdict or judgment n.o.v. is properly denied if reasonable

minds could differ as to the conclusion to be drawn from the evidence. *Coleman v. Burlington Northern, Inc.*, 681 F.2d 542, 545 (8th Cir.1982).

 Applying this standard of review to the case before us, we find that there was sufficient trial evidence to submit the case against Valley Forge to the jury. The jury was asked to resolve the disputed factual question regarding the sufficiency of notice of Jefferts' interests to Valley Forge through Savers Insurance. There existed evidence that Savers Insurance had an agency contract with several insurance companies including Valley Forge giving the agency the authority to sell policies and enter into contracts binding these companies. There was also evidence, adduced by Jefferts, that her attorney contacted Savers Insurance to give notice of her interest in the insured property and his communication constituted oral notice to the insurer. The central factual questions were explicitly put to the jury in the form of interrogatories and the jury resolved the disputed facts in Jefferts' favor, and, we might note, against DeFranco. The case was properly submitted to the jury in the form of special interrogatories.

 Valley Forge also argues that the district court erred in denying its motion for a new trial because the jury's award to Jefferts for real property damage did not strictly conform to the evidence and the jury's award for additional living expenses was excessive. In answer to a specific damage interrogatory, the jury awarded to Jefferts $9,000 in damages to real property, $21,000 in damages to personal property and $6,000 in damages for additional living expenses. We have reviewed the record and find that Valley Forge has not persuaded us that the jury's assessment of damages is so far from a fair estimate of Jefferts' losses as to justify this court's

**2.** The policy provided, "[a] waiver or change of any provision of this policy must be in writing by us to be valid." It further stated, "[a]ssignment of this policy shall not be valid unless we give our written consent."

disregarding it. *See Regional Investment Co. v. Haycock,* 723 F.2d 38, 41 (8th Cir. 1983). Further in order to grant a new trial based on excessive damages, the verdict must be "so large as to shock the judicial conscience." *Dewitt v. Brown,* 669 F.2d 516, 524 (8th Cir.1982), *citing Flanigan v. Burlington Northern, Inc.,* 632 F.2d 880, 884 (8th Cir.1980), *cert. denied,* 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981). The evidence, viewed in the light most favorable to Jefferts is sufficient to support the jury determination of damages in the amount of $36,000.

**Cross-Appeal**

■ Jefferts and DeFranco argue that the district court erred in denying them attorney's fees in accordance with ARK. STAT.ANN. § 66–3239 (Repl.1980).[3] The district court determined that Jefferts was not entitled to fees under section 66–3239 because that statutory provision was not applicable to her suit for insurance proceeds. We agree. Section 66–3239 applies to suits brought by insurance companies against their insureds seeking to cancel or alter the terms or conditions of a policy or to suits brought by insureds seeking reinstatement of a policy. The intent of this statutory provision was to amend prior law by providing an attorney's fee when the insured prevails in a controversy with his insurance company, but does not actually obtain a money judgment against it. *Southern Farm Bureau Casualty Insurance Co. v. Gooding,* 263 Ark. 435, 565 S.W.2d 421, 423 (1978) (*en banc*). Jefferts brought suit to recover proceeds on an insurance policy and recovered a money judgment. Section 66–3239 does not apply

to Jefferts' situation and the district court was not mistaken in its application of state law when it denied fees to Jefferts under section 66–3239.

■ Lastly DeFranco argues that the district court erred in refusing to give a jury instruction on the definition of a purchase money resulting trust. A review of the transcript does not reveal that such an instruction was offered by DeFranco, but he contends that it was one of many submitted as a packet. In any event, DeFranco did not object to the instructions that were given or specifically object to the absence of the instruction on the purchase money resulting trust. The mere tender of an alternative instruction without objecting to some specific error in the trial court's charge or explaining why the proffered instruction better states the law does not preserve the error for appeal. *Johnson v. Houser,* 704 F.2d 1049, 1051 (8th Cir.1983).

Accordingly, for the reasons set forth above, the judgment of the district court is affirmed.

---

**3.** Section 66–3239 provides in pertinent part that:

> In all suits in which the judgment or decree of a court is against a \* \* \* fire \* \* \* insurance company, either in a suit by it to cancel or lapse a policy or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of such policy of any of his rights hereunder, or in a suit for a declaratory judgment under such policy or in a suit by the holder of such policy to require such company to reinstate such policy, such company shall also be liable to pay the holder of such policy all reasonable attorneys' fees \* \* \*.